232 P.2d 698

**STATE v. SKINNER.**

No. 5351.

Supreme Court of New Mexico.

June 12, 1951.

O. O. Askren, Richard G. Bean, Roswell, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

Julius Skinner was convicted of embezzlement in the district court of Lea County on change of venue from Chaves County, and prosecutes this appeal from the judgment of conviction.

The following instruction was requested on behalf of the defendant: "1. I charge you that the character of the defendant has been placed by him before you by proof of reputation, and in this connection you are charged that good character, if proved, is a fact to be considered by the jury together with all the other facts and circumstances of the case in reaching the ultimate conclusion of guilt or innocence, and if such evidence, together with other facts proved, raise a reasonable doubt as to guilt, the verdict should be not guilty, and on this subject I charge you further that evidence

of good character may itself create a reasonable doubt of guilt when considered in connection with all the other evidence in the case, though without it no such doubt would exist."

This instruction, as requested, was refused. Upon the same subject the court charged as follows: "8. The defendant has introduced in evidence his good character for being an honest man. If you find from the evidence that at the time of the occurrence of the crime charged, the defendant was a man of good character for being an honest man, you should take good character into consideration in passing upon the question of his guilt or innocence; for the law presumes that a man of good character in these respects is less likely to commit the crime charged than one whose character is not good. But if after considering all of the evidence in the case, including that touching upon the good character of the defendant, you find and believe beyond a reasonable doubt that he is guilty of the crime charged in the information, you should not acquit him solely upon the ground of such good character."

An exception was preserved to the refusal of the instruction requested. Both the request and the court's charge are the same in substance as the one asked for and the one given in the case of State v. Mc-Knight, 21 N.M. 14, 153 P. 76, in which we held that the court correctly instructed the jury on the subject of character testimony and that the conclusion on this point was free from error. We so hold in this case, without a repetition of the reasoning by which this conclusion is reached.

This is the only error assigned and argued by counsel on behalf of appellant, and, as we have seen, has no merit.

The judgment is affirmed, and it is so ordered.

SADLER, COMPTON and COORS, JJ., concur.

McGHEE, J., did not participate.